

April 8, 2026

Michael R. La Porte
Dunlap Bennett & Ludwig, PLLC
333 N. Michigan Avenue, Suite 2700
Chicago, Illinois 60601
mlaporte@dbllawyers.com

**VIA ELECTRONIC MAIL**

  Re: *Deckers Outdoor Corporation v. bei duo, et al.*
    Notice of Rule 11 Violations
    <u>Case No.: 26-cv-00540 / GBC File No.: 0442.164137</u>

Counsel:

This letter is provided under Federal Rule of Civil Procedure 11. On March 31, 2026, you filed a Motion to Vacate Default Judgment, Dismiss With Prejudice, and for Sanctions, or in the Alternative for Leave to Answer or Otherwise Plead, and for Leave to File a Brief in Excess of 15 Pages [31], and a supporting Memorandum [32] (the "Motion") on behalf of defendant Comwarm ("Defendant"). Section III of the Motion argues that the Default Judgment should be vacated because Deckers Outdoor Corporation ("Deckers" or "Plaintiff") obtained it through "litigation misconduct" and Section II.B.2 argues that Deckers' claims are barred by Rule 41. *See* [32] at 13-15, 22-30. The Motion[1] tracks terminology and arguments in lockstep from *Defendant Pinching & Pressing* (the "Paper")[2] posted on March 30, 2026. *Compare* the Motion *with* the Paper. Plaintiff's Rule 11 concerns are directed specifically to Section III, Section II.B.2 and relevant portions of the background (including pages 1-5) of the Motion and the factual and legal assertions incorporated therein.

These parts of the Motion do not cite any statute, local rule, or other controlling authority Deckers has violated. *See* [32] at 22-30. Instead, the Motion (and Paper) are based on multiple unsupported and/or false factual assertions. *Id.* The Motion (and Paper) disparages Deckers by drawing a false and inflammatory equivalence between Deckers' legitimate enforcement of its trademark rights to cheating at a gambling table game. *Id.* These accusations are made in the Motion even though the Paper it cites admits that "[u]nlike *bet* pinching and pressing, *defendant* pinching and pressing aren't crimes. These maneuvers may not break any existing rules. And unlike palming casino chips, defendant pinching and pressing are—at least in some sense—done openly." *See* Paper at 59.

Additionally, Defendant was not dismissed "by notice under Rule 41(a)(1)," but dropped from the case via an amended complaint under Rule 15(a). Therefore, the argument in Section II.B.2 does not have a legal basis and should be withdrawn. *See* [32] at 13-15.

---

[1] You filed a nearly identical motion in *Deckers Outdoor Corporation v. Asoofine, et al.*, No. 25-cv-10080 (N.D. Ill. April 2, 2026), ECF No. 83.

[2] Sarah Frackell, Defendant Pinching & Pressing, 104 WASH. U. L. REV. __ (forthcoming 2027)



The Motion also appears to have been filed for an improper purpose. The timing of the filing, combined with the closely matching terminology and arguments, strongly suggests it is part of a coordinated effort to promote the Paper that was published just days earlier. As a result, multiple legal publications have already written about the Motion and cited Paper.

Plaintiff has fully complied with the Federal Rules of Civil Procedure, Local Rules for the Northern District of Illinois and explicit instructions from other Courts. For the reasons stated herein, Sections III and II.B.2 of the Motion (and relevant background) do not comply with Rule 11. You are hereby advised that if Sections III and II.B.2 of the Motion are not immediately withdrawn, Plaintiff will seek sanctions under Rule 11 and costs and fees under 28 U.S.C. § 1927.

## RULE 11 VIOLATIONS

### I. LEGAL CONTENTIONS NOT WARRANTED BY EXISTING LAW

Rule 11 requires that you only present "claims, defenses, and other legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Section III of the Motion requests sanctions against Deckers but does not cite any statute, local rule, or other authority Deckers has violated. *See* [32] at 22-30. Instead, the Motion relies heavily on the recently posted Paper that compares Deckers' actions to bet pinching and pressing in roulette. *Id.* This analogy was invented by the Paper's author, Sarah Fackrell. The Motion borrows this contorted analogy even though the Paper acknowledges that Deckers' enforcement (1) is not a crime, (2) does not break any rules, and (3) is done openly and transparently. *See* Paper at 59.

Deckers is required to enforce its trademark rights. *See Gorenstein Enters. v. Quality Care-USA, Inc.*, 874 F.2d 431, 435 (7th Cir. 1989). Given the overwhelming number of off-shore counterfeiters, it is not feasible or effective to file individual cases. Rule 20 permits Plaintiff to join numerous similarly situated defendants engaged in similar unlawful conduct in a single lawsuit. *See Bose Corp. v. The P'ships, et al.*, 334 F.R.D. 511, 516-17 (N.D. Ill. 2020); *see also Neman Bros. & Assocs., Inc. v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 223383, at *10-11 (N.D. Ill. Dec. 10, 2024); *Merch Traffic, LLC v. The P'ships, et al.*, No. 25-cv-01180 (N.D. Ill. Apr. 17, 2025), ECF No. 36; *Milwaukee Electric Tool Corp. v. The Individuals, et al.*, No. 24-cv-12487 (N.D. Ill. May 28, 2025), ECF No. 156; *Zou v. The Entities, et al.*, No. 23-cv-16600 (N.D. Ill. Mar. 8, 2024), ECF No. 60; *Your True Nature, Inc. v. The Individuals, et al.*, No. 24-cv-11162 (N.D. Ill. July 10, 2025), ECF No. 173; *Swarovski Aktiengesellschaft et al v. The P'ships, et al.*, No. 26-cv-01352 (N.D. Ill. April 6, 2026), ECF No. 72; *Hein v. The P'ships, et al.*, No. 25-cv-12608 (N.D. Ill. March 18, 2026), ECF No. 39.

Joinder under Rule 20 is a procedural device focused on the efficiencies of aggregating small claims to enable economies in litigation. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Whether to permit defendants to be joined is a discretionary case management decision made by each judge. *See Richards v. Eli Lilly & Co.*, 149 F.4th 901, 916-17 (7th Cir. 2025) ("[A]n issue of joinder or consolidation, [is a matter] of case management.") (Hamilton, J., concurring in-part). Different courts find joinder proper or improper based on the same facts and same groups of e-commerce sellers. *See Papachristos v. Hilton Mgmt., LLC*, 2015 U.S. Dist. LEXIS 28708, at *4 (N.D. Ill. Mar. 10, 2015) ("courts have interpreted 'same transaction' or 'series of related transactions' differently, even when presented with similar circumstances."); *see also Dean v. City Of Chicago*, 2009 U.S. Dist. LEXIS 78443, at *7-8 (N.D. Ill. Aug. 31, 2009). Misjoinder, however, is not a ground for dismissing an action. *See* Fed. R. Civ. P. 21. The

2



Seventh Circuit has emphasized that courts should not prejudice a plaintiff's ability to refile its claims, even if the court decided those claims could not be joined. *Dorsey v. Varga*, 55 F.4th 1094, 1107-08 (7th Cir. 2022). Courts have explicitly recognized that plaintiffs can proceed against defendants by filing a new case if a previous judge concluded that the defendants were misjoined. *See Tales.com, Inc. v. The P'ships, et al.*, No. 25-cv-02970 (N.D. Ill. May 29, 2025), ECF No. 58 ("It was not improper for Plaintiff to proceed against dismissed defendants in a new case considering that the judge in Case No. 25-cv-2707 concluded that the defendants had been misjoined in the first place.").

Additionally, Defendant was not dismissed "by notice under Rule 41(a)(1)," but dropped from the case via an amended complaint under Rule 15(a). Amendments to a complaint that drop parties or claims do not trigger Rule 41 or its two-dismissal rule. *See Sunstream Jet Express v. Int'l Air Serv. Co.*, 734 F.2d 1258, 1271 n.11 (7th Cir. 1984) (Rule 15 governs "amendments effecting dismissal of less than all claims by plaintiff"); *Turner v. Avco Corp.*, 2024 U.S. Dist. LEXIS 119787, at *8 (E.D. Pa. July 9, 2024) (relying on Seventh Circuit law for conclusion that Rule 41(a)(1) does not apply where party was dropped from amended complaint under Rule 15(a)); 8 Moore's Federal Practice - Civil § 41.33 (2026) ("Thus, the third action will not be barred when ... claims were dropped through amendment of the complaint rather than by a notice of dismissal.").

In this Circuit, Rule 41(a)(1) exclusively governs dismissals of an entire action; "which ... means the entire case," not individual claims or parties. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir 2015); *see also Interfocus Inc. v. Hibobi Tech. LTD*, 2023 U.S. Dist. LEXIS 99072, at *16 (N.D. Ill. June 7, 2023) ("as things stand, based on the plain language of the text, and based on precedent in this Circuit, Rule 41(a) does not contemplate a dismissal of less than all of a case."). Your reliance on the *dicta* in *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs.* was improper as that case did not overrule *Taylor*, and in the next sentence said that "Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future." 7 F.4th 555, 559 n.4 (7th Cir. 2021). It is also consistent with the Seventh Circuit's actions of applying a rule other than Rule 41(a)(1). *See Taylor*, 787 F.3d at 858 (construing Rule 41(a) dismissal of party as being made under Rule 15(a)); *Adelson v. Ocwen Fin. Corp.*, 621 F. App'x 348, 352 (7th Cir. 2015) (a judgment that "does not fully resolve [a] suit and ... functions much like an order authorizing an amended pleading that dismisses some but not all claims, *see* Fed. R. Civ. P. 15(a)[,] ... an order dismissing some but not all parties to a suit without an accompanying certification under Federal Rule of Civil Procedure 54(b)[,] or partial summary judgment, *see* Fed. R. Civ. P. 56(a)[.]" (citations omitted); *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("[i]n the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case.").

Your definition of an action conflicts with the plain language of Rule 3, which provides that an action—not actions—is initiated when a complaint is filed. Fed. R. Civ. P. 3. It also conflicts with the use of action in Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief ... or when multiple parties are involved"). Even if action could somehow be defined as something less than the entire case, your argument overlooks that the reason Plaintiff amended its complaint was to address that previous Courts' discretionary interpretation of the joinder rules, and "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

When a party files an amended complaint, the "new complaint wipes away prior pleadings" *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), "and renders it of no legal effect." *Manning v. Ashland Oil Co.*, 721 F.2d 192, 197 (7th Cir. 1983); *see also Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 (7th Cir. 1998)

3



("The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading."). Then, the action continues as to that amended complaint only. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1021 (7th Cir. 2013).

Plaintiff is not attempting to "judge shop" or seek favorable substantive rulings. In fact, efforts to reassign a case to the originating judge have not worked and/or been denied. *See, e.g., Casio Computer Co., Ltd. v. The Individuals, et al.*, No. 25-cv-14336 (N.D. Ill. Dec. 5, 2025), ECF No. 18 (denying motion to reassign); *Milwaukee Electric Tool Corp. v. The Individuals, et al.*, No. 25-cv-09162 (N.D. Ill. Aug. 26, 2025), ECF No. 19 (same); *Robert Bosch LLC v. The Individuals, et al.*, No. 26-cv-01197 (N.D. Ill. Mar. 9, 2026), ECF No. 32 (same); *Milwaukee Electric Tool Corp. v. The Individuals, et al.*, No. 25-cv-09002 (N.D. Ill. Sept. 10, 2025), ECF No. 13 (same); *Robert Bosch LLC v. The Individuals, et al.*, No. 26-cv-03080 (N.D. Ill. April 2, 2026), ECF No. 24 (same).

Plaintiff is complying with each Courts' joinder procedures while fulfilling their duty to police the market for infringements. It is allowed to refile its claims and it needs to pursue each infringement claim. The Motion (and Paper) apparently believe that the viability of Plaintiff's claims depend on judge assignment and if found to be misjoined, they cannot be refiled. This would violate Plaintiff's constitutional rights to access the court system. For these reasons, your argument for sanctions does not comply with Rule 11.

## II.  FACTUAL CONTENTIONS LACK EVIDENTIARY SUPPORT

Rule 11 also requires that factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). The Motion makes several contentions that are either false or do not have evidentiary support. For example, in the Motion, you stated that Plaintiff's lawsuit is a "Schedule A" case. [32] at 1 ("beyond the baseline chaos typical of the maligned "Schedule A" case type."). However, this is not a Schedule A case. *Cf. Yinnv Liu v. Monthly*, No. 25-2074, 2026 U.S. App. LEXIS 9290, at *2 (7th Cir. Mar. 31, 2026) (explaining, defendants in Schedule A cases, are "identified separately in a Schedule A document attached to the complaint."). Likewise, nothing was filed under seal and Plaintiff did not seek a temporary restraining order or preliminary injunction.

Additional examples of contentions that lack evidentiary support include, but not limited to:

- "Although Deckers marked its civil cover sheets as 'related' to the previously-filed suits, it also marked them as 'original' rather than reinstated, concealing the fact that identical claims had been brought and voluntarily dismissed previously." [32] at 14.
- "This inaction and quick dismissal deprives the later-filed court of any ability to transfer back to the originally-assigned judge" *Id.* at 16
- "Deckers engaged in egregious judge shopping in this case through its 'pinching' scheme. Deckers' judge shopping conduct is not limited to this case but is widespread. Judgment should be vacated and Deckers should be sanctioned for its vexatious litigation conduct – namely, its judge shopping scheme and its efforts to conceal that scheme from the Judges of this Court." *Id.* at 22.
- "Deckers failed to disclose that Comwarm and each of the remaining co-defendants had been sued on identical factual allegations and identical legal bases four times previously and had been dismissed voluntarily four times previously." *Id.* at 24.
- "It is manipulating filings so it can eventually land on a judge that it believes will be more favorable and sympathetic to its claims, procedurally and substantively." *Id.* at 27.

4



- "Deckers' judge shopping, though, is not limited to just this one case (or series of pinched cases). Although tedious to track down, Deckers' judge-shopping practices seem to extend far beyond this case both as to Deckers as a party and as to its attorneys, Greer Burns who are jointly conducting the judge-shopping schemes, manipulating this Court's random judge selection process, concealing their scheme from the courts, and absconding with millions of dollars from defendants whose cases should have been dismissed under Rule 41 (a)(1)(B) had the true facts been known." *Id.*
- "The extent of Deckers' judge-shopping scheme is not entirely known but appears massive." *Id.* at 28 n.22.

Any reasonable inquiry would show that Deckers is not concealing anything from the Court and that this case was not a "reinstatement" of the previously filed cases.[3]  Deckers marked the case as "related" on the Civil Cover Sheet, and identified the previously filed cases.  The Motion acknowledges that "Deckers marked its civil cover sheets as 'related'" to the previously filed cases."  Additionally, Courts that want to know if the case includes a subset of defendants from a previous case explicitly ask for that information.[4]

## III.  THE MOTION WAS FILED FOR AN IMPROPER PURPOSE

Rule 11 also requires attorneys to certify that a filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).

The timing and substance of the filings support a strong inference that Defense counsel coordinated with, Ms. Fackrell, the author of the Pinching & Pressing article published days before the Motion was filed. The article was publicly posted March 30, 2026, only days before the Motion was filed, yet the motion tracks the article's framework in lockstep.  Specifically, the Motion and Article adopt the same terminology ("pinching"), advance the same theory of "judge-shopping abuse," rely on the same cluster of cases, and press the same institutional-harm narrative. This is not a case of incidental citation to a newly published academic work; rather, the Motion follows the article's core thesis almost immediately upon its release.  The timing and degree of overlap support a strong inference of coordination between counsel and the article's author, or at minimum advanced access to the article's analysis prior to public posting.

Given the compressed timeline and the unusually close alignment of arguments, authorities, and framing, the only reasonable explanation is coordination between you and Ms. Fackrell to promote the Paper.

---

[3] *See Geiger v. Allen*, 850 F.2d 330, 332 (7th Cir. 1988) (describing reinstatement).

[4] *See, e.g.,* https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1361; https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1270; https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1503.



**GREER BURNS & CRAIN** LTD

INTELLECTUAL PROPERTY LAW

**CONCLUSION**

In view of the above, Sections III and II.B.2 of the Motion and related background do not comply with Rule 11.  Plaintiff requires that Defendant withdraw these portions of the Motion pursuant to Rule 11(c)(2). Plaintiff reserves the right to seek sanctions pursuant to Rule 11 and costs and fees under 28 U.S.C. § 1927.

Sincerely,

GREER, BURNS & CRAIN, LTD.

By      Justin R. Gaudio
         Direct Dial 312-987-2922 |   jgaudio@gbc.law

6